**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOBBY J. PUGH, | No. 08-16288 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-04688-MMC |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argument and Submitted October 8, 2009
San Francisco, California

Before: WALLACE, THOMPSON and THOMAS, Circuit Judges.

Pugh appeals from the district court's summary judgment in favor of the

Commissioner of Social Security's denial of Pugh's application for disability

benefits under Title II of the Social Security Act. We review the district court's

summary judgment de novo. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.

2005).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Pugh argues that the district court erred in failing to review de novo the final ALJ decision and in failing to address all of the issues raised by Pugh.

In its 2004 opinion, the district judge remanded to the Commissioner of Social Security to correct two errors: the Administrative Law Judge (ALJ) "did not set forth specific and legitimate reasons for rejecting the opinion of Dr. Filgas" and the ALJ did not develop the record in that the ALJ should have secured any recent records not before the ALJ. The court directed that these deficiencies can be corrected by a remand. The remand to the Commissioner allowed "further proceedings consistent with this order" which meant proceedings leading to a statement of rejection reasons and any recent records.

The ALJ's 2005 order on remand identifies the reasons for rejection, which the district court accepted, and states that "[u]pdated medical evidence was received and added to the record" and discusses that evidence. The procedural errors having been corrected, the district court entered judgment for the Commissioner.

The district judge acknowledged that the ALJ went further than the court's directions specified in the remand, but held any error would be harmless. We agree.

**AFFIRMED.**

*Pugh v. Astrue*, No. 08-16288

THOMAS, Circuit Judge, dissenting:

Because I believe the district court erred in failing to conduct a full de novo review of the final administrative law judge ("ALJ") decision, I respectfully dissent.

Judicial review of a Social Security decision is "necessarily limited to the *final* decision of the [Commissioner]." *See Flaten v. Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995) (emphasis added). Here, the district court remanded the case to the Commissioner for the purpose of more fully developing the evidentiary record. On remand, the ALJ admitted new evidence into the record and issued an entirely new decision. Under these circumstances, the district court was required to review the ALJ's final decision. *See id.* Because the district court relied on the earlier hearing and did not conduct a full de novo review of the ALJ's final decision, I would remand the case to the district court.